IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| RYAN NEWMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 17-3147 |
| | ) | |
| CITY OF QUINCY, POLICE CHIEF | ) | |
| ROBERT COPLEY, OFFICER KYLE | ) | |
| HATCH, OFFICER CHRIS MUELLER, | ) | |
| GARY FARHA, COUNTY OF ADAMS, | ) | |
| WAL-MART STORES, INC., SAM'S | ) | |
| CLUB, KELLY WALKER and | ) | |
| CHRISTINA HIGDON, | ) | |
| | ) | |
| Defendants. | ) | |

OPINION

RICHARD MILLS, United States District Judge:

Pro Se Plaintiff Ryan Newman has filed a civil rights action pursuant to 42
U.S.C. § 1983.

The amended complaint also includes several supplemental state law claims.

Pending are three motions to dismiss.

One motion to dismiss is filed by the Quincy Defendants, which includes the
City of Quincy, Illinois and Quincy Police Chief Robert Copley and Police
Officers Kyle Hatch and Chris Mueller.

Another motion to dismiss is filed by Adams County and Gary Farha, the First Assistant State's Attorney in Adams County. Adams County moves to dismiss Counts I, VII, VIII and IX and Farha moves to dismiss Count I, IV, V, VI and IX.

Defendants Wal-Mart, Sam's Club, Kelly Walker and Christina Higdon also filed a motion to dismiss Counts I through VI of the Plaintiff's first amended complaint, on the basis that those counts fail to state a claim upon which relief may be granted.

## I.     FACTUAL ALLEGATIONS

Ryan Newman alleges he was arrested when he was falsely accused of retail theft at the Sam's Cub in Quincy, Illinois. At all times relevant, Defendants Kelly Walker and Christina Higdon were employees at Sam's Club.

Count I is a section 1983 claim based on alleged due process and equal protection violations which is asserted against all Defendants.

Count II is a federal and state law claim for false arrest asserted against the Quincy Defendants, Sam's Club, Walker and Higdon.

Count III includes federal and state law claims for false imprisonment that are asserted against several Defendants, including Walker, Higdon, Hatch and Mueller.

Count IV is a state law claim for intentional infliction of emotional distress asserted against each individual Defendant.

Count V is a malicious prosecution claim asserted against Defendants Farha, Walker, Higdon, Hatch and Mueller.

Count VI is a claim for conspiracy to deprive of constitutional rights that is asserted against Walker, Higdon, Hatch, Mueller and Farha.

Count VII is a claim for failure to intervene asserted against the Quincy Defendants and Adams County Defendants.

Count VIII is a state law respondeat superior claim asserted against the City of Quincy and Adams County.

Count IX is an indemnification claim asserted against Adams County and the Adams County State's Attorney Office.

And Count X is labeled as a state and federal Fourth Amendment claim asserted against Officers Hatch and Mueller.

The Plaintiff's amended complaint states that on September 1, 2016, he shopped at the Quincy Sam's Club and was accompanied by his mother-in-law, Annette Velez, and family friend, Bridget Bliss. The Plaintiff purchased his items with a "link/ebt" card and tendered $328.00. The Plaintiff attempted to use Ms. Bliss's debit card to pay for the remainder of the balance but her card was

declined.  The Plaintiff asked that the cashier void Ms. Bliss's items from the purchase.

The cashier requested the help of the manager to void the items in Ms. Bliss's cart.  The manager erroneously voided the entire purchase, including the items that Plaintiff had purchased with his "link/ebt" card.  The Plaintiff informed the cashier and the manager that he still wished to purchase the items in his cart. The Plaintiff approached the customer service desk and requested a "receipt" of the voided transaction, which Defendant Kelly Walker provided.  The Plaintiff took this receipt and presented it to the door checker who reviewed it and the items in the Plaintiff's cart and allowed the Plaintiff to exit Sam's Club.  The Plaintiff exited the store, loaded his items and left the premises.

On September 7, 2016, Quincy, Illinois Police Officer Kyle Hatch appeared at the Quincy Sam's Club due to a report of retail theft.

On September 24, 2016, the Plaintiff returned to Sam's Club with his wife, daughter and step-daughter and while Plaintiff waited for his wife to return a pressure cooker he was arrested by Quincy Police Officer Chris Mueller for retail theft.

On September 26, 2016, Adams County Associate Circuit Judge Holly Henze, who the Plaintiff states is the sister-in-law of the Sam's Club asset protection manager, found probable cause for detaining the Plaintiff over the

weekend and set his bond at ten percent of $5,000.00. Soon thereafter, the Plaintiff posted bond.

On December 1, 2016, following the testimony of Officer Hatch, Judge Scott Larson found there was probable cause requiring a trial.

The Adams County State's Attorney pursued the case against the Plaintiff until June 1, 2017, when the matter was dismissed.

Attached as Exhibit 1 to the Plaintiff's amended complaint is the purported receipt that Plaintiff received from Kelly Walker prior to leaving Sam's Club on September 1, 2016. The receipt provides that Biss's credit card was denied by the card issuer three times. Manager David Day then aborted the entire transaction as permitted, including canceling the $329 EBT SNAP payment by the Plaintiff.

Attached as Exhibit 2 is a document that Plaintiff claims is a "receipt" fabricated by Sam's Club employees Kelly Walker and Christina Higdon to get the Plaintiff arrested. However, the document appears to be an arrest report completed by the Quincy Police Department with an inventory of items allegedly taken by the Plaintiff attached. The inventory was created by Walker on September 7, 2016. The document does not purport to be a receipt from the cancelled transaction on September 1, 2016.

Attached as Exhibit 3 is a Quincy Police Report prepared by Officer Hatch. The report states that Hatch was dispatched to Sam's Club on September 7, 2016

"in reference to a theft." It provides that Assistant Manager Christina Higdon

"stated that a subject identified as Ryan Newman had left the store without paying

for approximately $520.00 worth of merchandise on 9-1-16. Store personnel had

made several attempts to contact Newman to resolve the situation without police

intervention but were unable to contact him."

## II.    DISCUSSION

### A. Legal standard

A complaint must include enough facts to state a claim to relief that is

plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

"Factual allegations must be enough to raise a right to relief above the speculative

level." *Id*. at 555. A court accepts all well-pleaded facts as true and draws all

reasonable inferences in favor of the plaintiff. *Archer v. Chisolm*, 870 F.3d 603,

612 (7th Cir. 2017). "A claim has the requisite plausibility when the plaintiff

pleads factual content that allows the court to draw the reasonable inference that

the defendant is liable for the misconduct alleged." *Id*. (internal quotation marks

and citation omitted).

### B. Quincy Defendants

Defendants City of Quincy, Police Chief Robert Copley, and Police Officers

Kyle Hatch and Chris Mueller move to dismiss each of the Plaintiff's claims. The individual Defendants seek the dismissal of claims on the basis of qualified immunity.

A governmental actor performing discretionary functions is entitled to qualified immunity from suit to the extent his "conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Abbott v. Sangamon County, Ill.*, 705 F.3d 706, 713 (7th Cir. 2013) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). Qualified immunity is a shield that protects "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 437 U.S. 335, 341 (1986). It allows for public officials "to make reasonable but mistaken judgments about open legal questions." *Abbott*, 705 F.3d at 713.

In order to defeat a qualified immunity defense, a plaintiff must show "(1) the facts make out a constitutional violation, and (2) that the constitutional right was 'clearly established' at the time of the official's alleged misconduct." *Id*. Probable cause for an arrest is an absolute bar to any § 1983 claim against a police officer for false arrest or false imprisonment. *See id*. at 713-14. The existence of probable cause also bars a malicious prosecution claim. *See Biddle v. Martin* 992 F.2d 673, 678 (7th Cir. 1993). Because a police officer is entitled to qualified immunity if he or she has arguable probable cause, actual probable cause is not

necessary.  *See Burritt v. Ditlefsen*, 807 F.3d 239, 249 (7th Cir. 2015).  Arguable

probable cause exists for qualified immunity purposes "if a reasonable officer

could have mistakenly believed that probable cause existed."  *Id.*

      "So long as an officer reasonably believes the putative victim of or

eyewitness to a crime is telling the truth, he may rely on the information provided

to him by such persons in deciding to make an arrest, without having to conduct an

independent investigation into their accounts."  *Williamson v. Curran*, 714 F.3d

432, 441 (7th Cir. 2013).

      The Court concludes that the Quincy officers had probable cause to believe a

crime had been committed by the Plaintiff.  Officer Hatch went to Sam's Club to

take a report for an alleged retail theft committed by the Plaintiff.  Sam's Club

provided what it said was documentation purporting to show that Plaintiff stole

$519.00 worth of groceries.  The Quincy Defendants reliance on this information

and documentation was objectively reasonable and did not violate any of the

Plaintiff's constitutional rights.  Accordingly, the Court concludes that the

individual Defendants are entitled to qualified immunity as to the federal claims

asserted against them.

      To the extent that any federal claims are asserted against the City of Quincy

based on respondeat superior, those claims must be dismissed.  If the employee is

not liable, then the municipality cannot be liable.  *See Vodak v. City of Chicago*,

639 F.3d 738, 747 (7th Cir. 2011) (noting that municipalities are not liable for the torts of their employees based on respondeat superior).

Because there are no viable federal claims against the individual Quincy Defendants, the Court will dismiss the claims asserted against the City of Quincy.

C. Adams County Defendants

Adams County and First Assistant State's Attorney Gary Farha move to dismiss the Plaintiff's claims asserted against them on the basis of absolute immunity. Prosecutors have absolute immunity from civil liability under § 1983 for prosecutorial functions such as the initiation and pursuit of a criminal prosecution, the presentation of the state's case at trial, and other conduct intimately associated with the judicial phase of the criminal process. *See Buckley v. Fitzsimmons*, 509 U.S. 259, 269-70 (1993). This functional approach "focuses on the conduct for which the immunity is claimed, not on the harm that the conduct may have caused or the question whether it was lawful." *Id*. at 271. Absolute immunity "shields the prosecutor even if he initiates charges maliciously, unreasonably, without probable cause, or even on the basis of false testimony or evidence." *Henry v. Farmer City State Bank*, 808 F.2d 1228, 1238 (7th Cir. 1986). Absolute immunity extends to the withholding by prosecutors of exculpatory evidence. *See Imbler v. Pachtman*, 424 U.S. 409, 431 n.34 (1976).

The Plaintiff's claims against the Adams County Defendants are premised on the presentation of evidence at the preliminary hearing and other conduct associated in the prosecution of the case. The Plaintiff claims that Farha suppressed the original receipt dated September 1, 2016 in the Plaintiff's criminal preliminary hearing on December 30, 2016, and was thus deliberately indifferent to releasing exculpatory evidence. Farha is absolutely immune from this allegation. To the extent the Plaintiff alleges Farha used or relied on a fabricated receipt to find probable cause at the preliminary hearing, the Adams County Defendants have absolute immunity for such alleged conduct.

The Plaintiff further alleges that he was required to appear in Court in Quincy, Illinois, threatened by the Adams County State's Attorney's Office with extended term and/or double enhancement sentencing, intimidated when the office said it was prepared to proceed to trial and those Defendants refused to turn over the original receipt and security footage in discovery. All of these allegations are rooted in Adams County's prosecution of his criminal theft case. Ultimately, the decision of Adams County and Farha to dismiss the Plaintiff's criminal charges fall within the scope of absolute prosecutorial immunity. These occurrences are all functions of their prosecutorial duties.

By initiating and pursuing the criminal theft case against the Plaintiff, Farha and Adams County acted as "advocates for the state" and are entitled to absolute

immunity.  Accordingly, the Court will dismiss all of the § 1983 claims asserted against Adams County and Farha.

D. Wal-Mart, Sam's Club, Walker and Higdon

The Plaintiff has asserted a number of claims against Wal-Mart, Sam's Club, Kelly Walker and Christina Higdon.  None of these Defendants are state actors.  A private actor is not liable under § 1983 unless he or she has "a meeting of the minds and thus reached an understanding with a state actor to deny plaintiffs a constitutional right." *See Wilson v. Warren County, Ill*., 830 F.3d 464, 468 (7th Cir. 2016).  "Because § 1983 allows a private actor to be sued as if it were the state and makes state actors potentially liable as well, the state actor must share the private actor's unconstitutional goal in order for a state actor to be acting under color of state law." *Id*.

For the reasons previously discussed, the federal claims asserted against the Quincy Defendants and Adams County Defendants cannot be sustained. Defendants Wal-Mart Stores, Sam's Club, Walker and Higdon are not state actors. None of these Defendants have had a meeting of the minds and reached an understanding with a state actor to deprive the Plaintiff of a constitutional right. Consequently, the federal claims cannot be sustained against these private actors.

All of the Plaintiff's federal claims must be and are being dismissed.

Because all of the claims over which this Court has original jurisdiction are being dismissed, the Court declines to exercise supplemental jurisdiction over the Plaintiff's supplemental state law claims. *See* 28 U.S.C. § 1367(c)(3)

The Motion of Defendants Wal-Mart Stores, Inc., Sam's Club, Kelly Walker and Christina Higdon to dismiss the Plaintiff's Amended Complaint [d/e 24] is GRANTED.

The Motion of Defendants City of Quincy, Robert Copley, Kyle Hatch and Chris Mueller to Revive its Motion to Dismiss [d/e 26] is ALLOWED.

That Motion to Dismiss [d/e 12] is revived and is ALLOWED.

The Motion of Defendants Gary Farha and Adams County to Dismiss the Plaintiff's Amended Complaint [d/e 27] is ALLOWED.

The Plaintiff's federal law claims pursuant to 42 U.S.C. § 1983 asserted in Counts I, II, III, V, VI and X are DISMISSED with prejudice.

The Court declines to exercise supplemental jurisdiction over the Plaintiff's state law claims.

The Plaintiff's state law claims asserted in Counts II, III, IV, V, VII, VIII, IX and X are DISMISSED without prejudice.

The Clerk will enter Judgment and terminate this case.

ENTER: October 10, 2018

 FOR THE COURT:

       /s/ *Richard Mills*

Richard Mills
United States District Judge